1  STEVEN E. BLEDSOE (SBN 157811)
   DAVID BAYLES (SBN 208112)
2  **ARENT FOX LLP**
   555 West Fifth Street, 48th Floor
3  Los Angeles, CA 90013-1065
   Telephone: 213.629.7400
4  Facsimile: 213.629.7401
   bledsoe.steven@arentfox.com
5
   MICHAEL A. GROW (Admitted *Pro Hac Vice*)
6  ALEC P. ROSENBERG (Admitted *Pro Hac Vice*)
   **ARENT FOX LLP**
7  1717 K Street, NW
   Washington, DC 20036-5342
8  Telephone: 202.857.6000
   Facsimile: 202.857.6395
9  grow.michael@arentfox.com
   rosenberg.alec@arentfox.com
10
   Attorneys for Plaintiff and Counterdefendant
11 NEW ENCHANTMENT, L.L.C.

12 BRIAN P. KINDER (SBN 212332)
   **THE KINDER LAW GROUP**
13 **A PROFESSIONAL LAW CORPORATION**
   19200 Von Karman, Fourth Floor
14 Irvine, California 92612
   Telephone: (949) 216-3070
15 Facsimile: (949) 216-3074
   bkinder@tklglaw.com
16
   Attorney for Defendant and Counterclaimant THE
17 JOURNEY SPA & WELLNESS CENTER, INC.

18                UNITED STATES DISTRICT COURT

19                CENTRAL DISTRICT OF CALIFORNIA

20                     SOUTHERN DIVISION

21

| 22 | **NEW ENCHANTMENT, L.L.C.**, an Arizona limited liability company, | Case No. SACV 12-1382 JGB (RNBx) |
|---|---|---|
| 23 | Plaintiff, | **[PROPOSED] STIPULATED*** **PROTECTIVE ORDER** |
| 24 | v. | |
| 25 | **THE JOURNEY SPA & WELLNESS CENTER, INC.**, a California corporation, | **[*This document is Docket No. 33 revised in response to Magistrate Block's minutes dated July 19, 2013. Only ¶ 3 is substantively different.]** |
| 26 | | |
| 27 | Defendant. | |
| 28 | **AND COUNTERCLAIMS** | |

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

TECH/1400030.1

STIPULATED PROTECTIVE ORDER
SACV 12-1382 JGB (RNBx)

## STIPULATED PROTECTIVE ORDER

All parties having agreed a protective order ("Order") pursuant to Rule 26(c) of the Federal Rules of Civil Procedure is both necessary and appropriate, and the U.S. District Court, Central District of California ("Court") having approved such an agreement:

IT IS HEREBY ORDERED that Plaintiffs, (defined below) and Defendants, (defined below) are bound by the following Order for the protection of confidential information, documents, and other things produced, served, or otherwise provided in this action by the parties, or by third parties.

## BACKGROUND

Plaintiffs and Defendants are parties to the above-captioned action (the "Action")

Plaintiff New Enchantment, LLC ("PLAINTIFF") and Defendant The Journey Spa & Wellness Center, Inc. ("DEFENDANT") are involved in, among other things, the provision of spa services.

Each party derives commercial advantage from maintaining the confidentiality of certain confidential and proprietary information and each party has served written discovery in the Action upon the other requesting access to and/or information relating to certain confidential and proprietary information, including without limitation, information relating to the identity of customers, sales data, marketing data, sales and profits.  Each party has agreed to provide the other with such requested information pursuant to a stipulated protective order. Accordingly, the parties seek to prevent the use and disclosure of confidential and proprietary information gathered in connection with the Action for any purpose other than as provided in this Order.

The following purpose, procedures, terms and conditions shall apply to the disclosure of designated material (defined below):

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

TECH/1400030.1

- 2 -

STIPULATED PROTECTIVE ORDER
SACV 12-1382 JGB (RNBx)

1. **PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that it affords protection only to the limited information or items entitled to treatment as confidential under applicable legal principles. The parties further acknowledge, as set forth in Section 10, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that the parties must follow and reflects the standards that the Court will apply when a party seeks permission from the Court to file material under seal. If any papers to be filed with the Court contain information to be protected under this Stipulated Protective Order, the proposed filing shall be accompanied by an application to file the papers or the portion thereof containing the protected information (if such portion is segregable) under seal pursuant to Civil Local Rule 79-5; and the application to file under seal will be directed to the judge to whom the papers are directed. For motions, the parties will also file a redacted version of the motion and supporting papers.

2. **DEFINITIONS**

2.1  Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, insurers, and outside counsel (and their support staff).

2.2  Disclosure or Discovery Material: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other

Arent Fox LLP
Attorneys At Law
Los Angeles

TECH/1400030.1

- 3 -

STIPULATED PROTECTIVE ORDER
SACV 12-1382 JGB (RNBx)

things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3 <u>"Confidential" Information or Items</u>: information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under the standards developed under either FRCP 26(c) or the definition of "trade secret" identified in California Civil Code § 3426.1, which provides that trade secret "means information, including a formula, pattern, compilation, program, device, method, technique, or process, that: (1) Derives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use; and (2) Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy." Among other things, the parties anticipate that that Confidential Information will include financial information (such as insurance policies, financial statements, and other records of income and expenses), as well as other commercial information that has value by virtue of its non-public nature, such as customer information.

2.4 <u>"Highly Confidential – Attorneys' Eyes Only" Information or Items</u>: extremely sensitive "Confidential Information or Items" whose disclosure to another Party or non-party would create a substantial risk of serious injury, including competitive injury, that could not be avoided by less restrictive means.

2.5 <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.6 <u>Producing Party</u>: a Party or non-party that produces Disclosure or Discovery Material in this action.

2.7 <u>Designating Party</u>: a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential — Attorneys' Eyes Only."

2.8 <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

Arent Fox LLP
Attorneys At Law
Los Angeles

TECH/1400030.1

- 4 -

STIPULATED PROTECTIVE ORDER
SACV 12-1382 JGB (RNBx)

2.9     Outside Counsel: attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

2.10    House Counsel: attorneys who are employees of a Party.

2.11    Counsel (without qualifier): Outside Counsel and House Counsel, as well as their support staffs.

2.12    Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a current employee of a Party or of a competitor of a Party and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party.  This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.13    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

3.      **SCOPE**

The protections conferred by this Stipulated Protective Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus conversations, or presentations by parties or counsel in any settings that might reveal Protected Material, with the exception that this Stipulated Protective Order shall not apply to or govern presentations at Court proceedings.  The parties will need to take up any matters they want to be subject to a protective order relative to presentations at Court proceedings with the appropriate judicial officer at the appropriate time.

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

TECH/1400030.1

- 5 -

STIPULATED PROTECTIVE ORDER
SACV 12-1382 JGB (RNBx)

1   **4.     DURATION**

2   Even after the termination of this litigation, the confidentiality obligations
3   imposed by this Order shall remain in effect until a Designating Party agrees
4   otherwise in writing or a court order otherwise directs.

5

6   **5.     DESIGNATING PROTECTED MATERIAL**

7   5.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>.
8   Each Party or non-party that designates information or items for protection under
9   this Order must take care to limit any such designation to specific material that
10  qualifies under the appropriate standards.  A Designating Party must take care to
11  designate for protection only those parts of material, documents, items, or oral or
12  written communications that qualify – so that other portions of the material,
13  documents, items, or communications for which protection is not warranted are not
14  swept unjustifiably within the ambit of this Order.  Mass, indiscriminate, or
15  routinized designations are prohibited.

16  If it comes to a Party's or a non-party's attention that information or items
17  that it designated for protection do not qualify for protection at all, or do not qualify
18  for the level of protection initially asserted, that Party or non-party must promptly
19  notify all other parties that it is withdrawing the mistaken designation.

20  5.2    <u>Manner and Timing of Designations</u>.  Except as otherwise provided in
21  this Order (*see, e.g.*, second paragraph of section 5.2(a), below), or as otherwise
22  stipulated or ordered, material that qualifies for protection under this Order must be
23  clearly so designated before the material is disclosed or produced.

24  Designation in conformity with this Order requires:

25  (a)    <u>for information in documentary form</u> (apart from transcripts of
26  depositions), that the Producing Party affix the legend "CONFIDENTIAL" or
27  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" at the top or bottom
28  of each page that contains protected material.  If only a portion or portions of the

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

TECH/1400030.1

- 6 -

STIPULATED PROTECTIVE ORDER
SACV 12-1382 JGB (RNBx)

1  material on a page qualifies for protection, the Producing Party also must clearly
2  identify the protected portion(s) (e.g., by making appropriate markings in the
3  margins) and must specify, for each portion, the level of protection being asserted
4  (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'
5  EYES ONLY").

6       A Party or non-party that makes original documents or materials available for
7  inspection need not designate them for protection until after the inspecting Party
8  has indicated which material it would like copied and produced. During the
9  inspection and before the designation, all of the material made available for
10 inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES
11 ONLY." After the inspecting Party has identified the documents it wants copied
12 and produced, the Producing Party must determine which documents, or portions
13 thereof, qualify for protection under this Order, then, before producing the specified
14 documents, the Producing Party must affix the appropriate legend
15 ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES
16 ONLY") at the top or bottom of each page that contains Protected Material. If only
17 a portion or portions of the material on a page qualifies for protection, the
18 Producing Party also must clearly identify the protected portion(s) (e.g., by making
19 appropriate markings in the margins) and must specify, for each portion, the level
20 of protection being asserted (either "CONFIDENTIAL" or "HIGHLY
21 CONFIDENTIAL – ATTORNEYS' EYES ONLY").

22      (b)   <u>for testimony given in deposition</u>, that the Party or non-party offering
23 or sponsoring the testimony identify on the record, before the close of the
24 deposition, all protected testimony, and further specify any portions of the
25 testimony that qualify as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES
26 ONLY." When it appears that substantial portions of the testimony may qualify for
27 protection, any Party or non-party may invoke on the record (at any time before the
28 conclusion of the deposition or proceeding) a right to have up to 20 days to identify

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

TECH/1400030.1

- 7 -

STIPULATED PROTECTIVE ORDER
SACV 12-1382 JGB (RNBx)

the specific portions of the testimony as to which the Party or non-party seeks protection and to specify the level of protection being asserted (i.e., "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").

Only those portions of the testimony that are appropriately designated for protection within the 20 days shall be covered by the provisions of this Stipulated Protective Order.

Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as instructed by the Party or non-party offering or sponsoring the witness or presenting the testimony.

(c) <u>for information produced in some form other than documentary, and for any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

5.3 <u>Inadvertent Failures to Designate</u>. An inadvertent failure to designate qualified information or items as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. If material is appropriately designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

TECH/1400030.1

- 8 -

STIPULATED PROTECTIVE ORDER
SACV 12-1382 JGB (RNBx)

6. **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1 <u>Timing of Challenges</u>. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to assert a challenge promptly after the designation.

6.2 <u>Meet and Confer</u>. A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) with counsel for the Designating Party. In conferring, the challenging Party must explain the basis for its belief that the particular confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A challenging Party may proceed to the next stage of the challenge process only if it first engage in this meet and confer process.

6.3 <u>Judicial Intervention</u>. A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a Joint Stipulation under Civil Local Rules 37-1 and 37-2 (and in compliance with Civil Local Rule 79-5, if applicable) that identifies the challenged material and sets forth in detail the basis for the challenge. The burden of establishing the confidentiality in any such challenge proceeding shall be on the Designating Party. Until the Court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

7. **ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1 <u>Basic Principles</u>. A Receiving Party may use Disclosure or Discovery Material only for prosecuting, defending, or attempting to settle this litigation.

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

TECH/1400030.1

- 9 -

STIPULATED PROTECTIVE ORDER
SACV 12-1382 JGB (RNBx)

Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 11, below (FINAL DISPOSITION).

A Receiving Party must store and maintain Protected Material at a location and in a secure manner that ensures that only the persons authorized under this Order have access.

7.2 Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

(a) the Court and its personnel;

(b) the author of the document or the original source of the information;

(c) the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation;

(d) court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation;

(e) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

(f) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A); and,

(g) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A). Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

TECH/1400030.1

- 10 -

STIPULATED PROTECTIVE ORDER
SACV 12-1382 JGB (RNBx)

the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

7.3 Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a) the Court and its personnel;

(b) the author of the document or the original source of the information;

(c) the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation;

(d) House Counsel and non-attorney members of House Counsel's legal staff to whom it is reasonably necessary to disclose the information for this litigation;

(e) court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation; and,

(f) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation, and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A); and,

(h) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A). Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

TECH/1400030.1

- 11 -

STIPULATED PROTECTIVE ORDER
SACV 12-1382 JGB (RNBx)

1  **8.  PROTECTED MATERIAL SUBPOENAED OR ORDERED**
2  **PRODUCED IN OTHER LITIGATION.**

3  If a Receiving Party is served with a subpoena or an order issued in other
4  litigation that would compel disclosure of any information or items designated in
5  this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –
6  ATTORNEYS' EYES ONLY," the Receiving Party must so notify the Designating
7  Party, in writing (by fax or e-mail, if possible) immediately.  Such notification must
8  include a copy of the subpoena or court order.

9  The Receiving Party also must immediately inform in writing the Party who
10 caused the subpoena or order to issue in the other litigation that some or all the
11 material covered by the subpoena or order is the subject of this Protective Order.  In
12 addition, the Receiving Party must deliver a copy of this Stipulated Protective
13 Order promptly to the Party in the other action that caused the subpoena or order to
14 issue.

15 The purpose of imposing these duties is to alert the interested parties to the
16 existence of this Protective Order and to afford the Designating Party in this case an
17 opportunity to move to protect its confidentiality interests in the court from which
18 the subpoena or order issued.  The Designating Party shall bear the burdens and the
19 expenses of seeking protection in that court of its confidential material – and
20 nothing in these provisions should be construed as authorizing a Party to disobey a
21 lawful subpoena issued in another action.

22 **9.  UNAUTHORIZED DISCLOSURE OF PROTECTED**
23 **MATERIAL**

24 If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed
25 Protected Material to any person or in any circumstance not authorized under this
26 Stipulated Protective Order, the Receiving Party must immediately (a) notify in
27 writing the Designating Party of the unauthorized disclosures, (b) use its best
28 efforts to retrieve all copies of the Protected Material, (c) inform the person or

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

TECH/1400030.1

- 12 -

STIPULATED PROTECTIVE ORDER
SACV 12-1382 JGB (RNBx)

1  persons to whom unauthorized disclosures were made of all the terms of this Order,

2  and (d) request such person or persons to execute the "Acknowledgment and

3  Agreement to Be Bound" that is attached hereto as Exhibit A.

### 10. FILING PROTECTED MATERIAL

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material without complying with Civil Local Rule 79-5.

### 11. FINAL DISPOSITION

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days after the final termination of this action, each Receiving Party must return all Protected Material to the Producing Party. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material.

Notwithstanding this provision, Counsel are entitled to retain a single archival electronic copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

TECH/1400030.1

- 13 -

STIPULATED PROTECTIVE ORDER
SACV 12-1382 JGB (RNBx)

(DURATION), above.

12. **MISCELLANEOUS**

12.1 <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person to seek its modification by the Court.

12.2 <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated:  July 23, 2013     **ARENT FOX LLP**

By:___s/David G. Bayles_____
   David G. Bayles
   Attorneys for Plaintiff and Counterdefendant
   NEW ENCHANTMENT, L.L.C.

Dated:  July 23, 2013     **THE KINDER LAW GROUP**

By: ___s/Brian Kinder_____
   Brian P. Kinder
   Attorneys for Defendant and Counterclaimant
   THE JOURNEY SPA & WELLNESS CENTER, INC.

**IT IS SO ORDERED.**

DATED: <u>July 24, 2013</u>            _____
                                ROBERT N. BLOCK
                                United States Magistrate Judge

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

TECH/1400030.1

- 14 -

STIPULATED PROTECTIVE ORDER
SACV 12-1382 JGB (RNBx)

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____, declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on _____ in the action titled *New Enchantment, L.L.C. v. The Journey Spa & Wellness Center, Inc.*, case number SACV12-1382-JGB(RNBx). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order, and I understand and acknowledge that failure to so comply may constitute contempt of Court. I promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Dated: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

TECH/1400030.1

- 15 -

STIPULATED PROTECTIVE ORDER
SACV 12-1382 JGB (RNBx)