UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| New Enchantment, LLC,<br><br>        Plaintiff,<br><br>    v.<br><br>The Journey Spa &<br>Wellness Center, Inc.,<br><br>        Defendant. | Case No. SACV 12-1382 JGB (RNBx)<br><br>PERMANENT INJUNCTION |

On January 2, 2014, the Court granted Plaintiff New Enchantment, LLC's ("Enchantment") motion for summary judgment and denied Defendant The Journey Spa & Wellness Center, Inc.'s ("JSWC") motion for summary judgment. (Doc. No. 56.) The Court further found injunctive relief appropriate and ordered Enchantment to file proposed terms for an injunction restraining JSWC from continued infringing use of the "Journey Spa" mark. (Id. at 30-32.) Enchantment filed its proposed

1

terms on January 10, 2014 (Doc. No. 57), and JSWC filed objections on January 27, 2014. (Doc. No. 58.) Having considered the points and arguments submitted by the parties in connection with their respective motions for summary judgment and their subsequent submissions concerning the appropriate terms for an injunction, the Court makes the following findings:

    1. Enchantment owns a valid, protectable, and federally registered trademark in "JOURNEY SPA" (U.S. Reg. No. 3641286), which has a nationwide constructive use date of March 10, 2006, and JSWC has failed to prove that it established prior rights in that mark;

    2. JSWC has not established sufficient market penetration in Southern California prior to March 10, 2006 to warrant trademark rights to the JOURNEY SPA mark in this geographic area;

    3. The parties' marks and domain names are substantially similar, rely on overlapping marketing channels, and inhibit Enchantment's likely expansion; therefore, there is a likelihood of confusion between the parties' marks;

    4. An injunction is appropriate because Enchantment is suffering irreparable injury to its ability to control its mark and risks customer loss due to the likelihood of confusion that exists by virtue of JSWC's use of the JOURNEY SPA mark;

    5. Enchantment's injury encompasses likely

confusion among existing and potential spa customers, as well as Enchantment licensees and/or spa-related consulting customers;

6. JSWC's infringing activities are ongoing, and without injunctive relief, JSWC will continue to dilute the JOURNEY SPA mark;

7. The balance of hardships favors an injunction, as Enchantment utilized the federal trademark registration system, but JSWC did not do so;

8. Given JSWC's stable customer base, small location, and limited geographic reach, changing names would not cause an undue hardship for JSWC;

9. There is a great public interest in avoiding consumer confusion by protecting registered trademark owners against infringement.

Based on the foregoing findings and others stated in the Court's January 2, 2014 Order Granting Plaintiff's Motion for Summary Judgment and Denying Defendant's Motion for Summary Judgment (Dkt. No. 56), for good cause shown, and pursuant to 15 U.S.C. §§ 1116(a) and 1118 and principles of equity, it is hereby ORDERED that:

1. JSWC and each of its principals, agents, servants, employees, assigns, and all others in privity or acting in concert with them (collectively, "JSWC"), are permitted four (4) months to phase out all uses of

the mark "The Journey Spa & Wellness Center." As of 120 days from the date of this Order ("Effective Date"), JSWC is hereby permanently enjoined from:

(a) using the marks JOURNEY SPA or SPA JOURNEY or any other mark containing the words JOURNEY and SPA, whether in the singular or plural form (the "Enjoined Marks"), in connection with the advertising, promotion, distribution, and/or sale of any goods, services, or other offerings related to beauty spas or salons or other health, wellness or fitness goods or services;

(b) using the Enjoined Marks on or in connection with any Internet content, including websites, web pages, or social media sites such as Facebook, YouTube, Twitter, or Pinterest;

(c) obtaining or maintaining any printed or online telephone, business, or local directory listing containing the Enjoined Marks;

(d) using any signs, posters, advertisements, fliers, brochures, press releases, newsletters or other informational circulars, invoices, labels, prints, packages, bags, business or gift cards, wrappers, receptacles, shirts, robes, hats, and all other articles of apparel or accessories, and any other materials on which the Enjoined Marks may be printed or displayed;

(e) using any Internet domain names containing the Enjoined Marks, including without limitation the

following domain names (each of which JSWC has represented under oath that it has registered or used in the past):

*myjourneyspa.com; myjourneyspa.net;*
*myjourneyspa.co; myjourneyspa.co; myjourneyspa.biz;*
*myjourneyspa.info;*
*thejourneyspa.com; thejourneyspa.net;*
*thejourneyspa.co; thejourneyspas.com;*
*thespajourney.com;*
*thejourneyspaandwellnesscenter.com;*
*ourspajourney.com; ourspajourney.net;*
*officialjourneyspa.com; thejourneysparitual.info;*
*thejourneysparitual.com;*

(f) registering any new domains containing the Enjoined Marks or renewing, transferring, selling, licensing or otherwise granting control over any existing domain name containing the Enjoined Marks.

2. Within 14 (fourteen) days of the Effective Date, JSWC shall:

(a) deliver to Enchantment's counsel for destruction all signs, posters, advertisements, fliers, brochures, press releases, newsletters or other informational circulars, invoices, labels, prints, packages, bags, business or gift cards, wrappers, receptacles, shirts, robes, hats, and all other articles of apparel or accessories, and any other materials on which the Enjoined Marks have been printed

1 or displayed, together with all plates, molds,
2 matrices, and other means of making or duplicating the
3 same; or
4     (b) file with the Court and serve on
5 Enchantment's counsel a sworn declaration by JSWC's
6 principal, Ms. Tana Diaz, attesting to JSWC's
7 destruction of all such materials and of the means of
8 making or duplicating the same, specifying the date(s)
9 of destruction, persons who undertook such destruction,
10 and means through which such destruction was
11 accomplished.
12   3. Within fourteen (14) days of the Effective
13 Date, JSWC shall:
14     (a) send written notification to the
15 publishers of all print, digital or online websites or
16 telephone or business directories in which JSWC has, to
17 its knowledge, been identified with reference to the
18 Enjoined Marks, advising that JSWC is no longer using
19 said marks and requesting prompt deletion of all such
20 references in and current or future publication or
21 display of such directories; and
22     (b) serve on Enchantment's counsel copies of
23 all of written notifications sent pursuant to Paragraph
24 3(a) of this injunction.
25   4. This injunction shall become effective 120 days
26 following the date of entry of this Order ("Effective
27 Date");

1    5.   The Court retains jurisdiction over this action
2 to ensure compliance with the terms of this injunction.
3
4    **IT IS SO ORDERED.**
5
6
7
8
9 Dated: February 3, 2014    _____
10                                   Jesus G. Bernal
11                              United States District Judge
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27